CHAIN | COHN | STILES
David K. Cohn (SBN 68768)
Email: dcohn@chainlaw.com
Neil K. Gehlawat (SBN 289388)
Email: ngehlawat@chainlaw.com
1731 Chester Avenue
Bakersfield, CA 93301
Telephone: (661) 323-4000
Facsimile: (661) 324-1352

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT PALMER,

Plaintiff,

v.

CALIFORNIA HIGHWAY PATROL OFFICER IOSEFA; CALIFORNIA HIGHWAY PATROL OFFICER CRELOSE; CALIFORNIA HIGHWAY PATROL OFFICER MCCONNELL; and Does 1 to 10, inclusive,

Defendants.

CASE NO.

**COMPLAINT FOR DAMAGES**

1. Fourth Amendment – Detention and Arrest (42 U.S.C. § 1983)
2. Fourth Amendment – Excessive Force (42 U.S.C. § 1983)
3. Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983)
4. Supervisory Liability (42 U.S.C. § 1983)
5. Battery
6. False Arrest/False Imprisonment
7. Negligence
8. Violation of Bane Act (Cal. Civil Code § 52.1)

**DEMAND FOR JURY TRIAL**

**COMPLAINT FOR DAMAGES**

Plaintiff Robert Palmer, for his Complaint against Defendants California Highway Patrol ("CHP") Officer Iosefa, CHP Officer Crelose, CHP Officer McConnell, and Does 1-10, inclusive, alleges as follows:

///

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the unlawful detention of Robert Palmer.

2. On June 30, 2015, Robert Palmer was traveling northbound on Highway 99 when he was stopped by a CHP vehicle. Mr. Palmer immediately identified himself to the CHP officer as an on-duty police officer and placed both of his hands on the steering wheel. Despite this, CHP Officer Iosefa proceeded to accuse Mr. Palmer of being under the influence of alcohol, which he was not. CHP Officer Iosefa then instructed Mr. Palmer to get out of his vehicle, at which point he violently twisted Mr. Palmer's arm and handcuffed him. Mr. Palmer was then detained for approximately thirty minutes, before he was ultimately released.

3. This case is in the public interest.

## PARTIES

4. At all relevant times, Plaintiff Robert Palmer ("Plaintiff") is and was a resident of the County of Fresno, State of California.

5. At all relevant times, Defendant CHP Officer Iosefa ("Iosefa") was an officer for the California Highway Patrol and was acting under color of law within the course and scope of his duties as an officer for the California Highway Patrol and with the complete authority and ratification of their principal, the California Highway Patrol.

6. At all relevant times, Defendant CHP Officer Crelose ("Crelose") was an officer for the California Highway Patrol and was acting under color of law within the course and scope of his duties as an officer for the California Highway Patrol and with the complete authority and ratification of their principal, the California Highway Patrol.

7. At all relevant times, Defendant CHP Officer McConnell ("McConnell") was an officer for the California Highway Patrol and was acting under color of law within the course and scope of his duties as an officer for the California Highway Patrol and with the complete authority and ratification of their principal, the California Highway Patrol.

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

8. At all relevant times, Defendants Does 1-5 were employees of the State of California and the CHP. Does 1-5 were the supervisors of CHP Officer Iosefa at the time of the incident and at all relevant times preceding the incident. The true names of Does 1-5 are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.

9. At all relevant times, Defendants Does 6-10 were employees of the State of California and the CHP. The true names of Does 6-10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.

10. Defendants Iosefa, Crelose, and McConnell are directly liable for Plaintiff's injuries under federal and state law, including pursuant to 42 U.S.C. § 1983, and are sued in their individual capacities for damages only.

11. Pursuant to California Government Code § 815.2, the State of California is vicariously liable for the torts committed by Defendants Iosefa, Crelose, and McConnell while in the course and scope of their employment with CHP and the State of California.

12. On December 28, 2015, Plaintiff filed a comprehensive and timely claim for damages with the State of California. On January 6, 2016, the State of California denied Plaintiff's claim in writing.

## JURISDICTION AND VENUE

13. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1367.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Tulare, State of California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

15. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 14 of this Complaint with the same force and effect as if fully set forth herein.

16. On June 30, 2015, Plaintiff was traveling home to Fresno from Los Angeles.

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

17. Plaintiff is a Detective with the Department of Insurance, Fraud Division of the State of California.

18. At approximately 10 p.m., Plaintiff was traveling in the #1 lane of NB SR-99, when a marked CHP unit initiated a traffic stop on his vehicle.

19. Plaintiff immediately pulled to the side of the road and momentarily flashed his rear-facing emergency equipment to alert the CHP officer that he (Plaintiff) was an on-duty officer in a police vehicle.

20. Plaintiff also placed both of his hand on top of the steering wheel with his fingers open and identified himself as an on-duty officer.

21. Defendant Iosefa approached Plaintiff's vehicle and immediately became agitated.

22. After seeing Plaintiff's badge, Iosefa told Plaintiff that having a badge meant nothing to him.

23. Iosefa then started asking Plaintiff how much alcohol he had consumed that night. Plaintiff had not consumed any alcohol and told Iosefa the same.

24. Iosefa instructed Plaintiff to keep his hands up and exit the vehicle.

25. Plaintiff complied and exited his vehicle.

26. Suddenly, and without warning, Iosefa violently grabbed both of Plaintiff's hands from the top of his head and pulled them in an aggressive motion into a handcuffing position.

27. Plaintiff immediately felt a "pop" in his left shoulder.

28. Iosefa handcuffed Plaintiff and detained him on the highway shoulder.

29. After some time, Defendants Crelose and McConnell arrived on scene.

30. Both Crelose and McConnell stated that they had been called to determine if Plaintiff was under the influence of alcohol.

31. Plaintiff explained to Crelose and McConnell that he was an on-duty officer and that he had not been drinking.

32. Despite this, he remained detained on the highway shoulder for a total of approximately 30 minutes.

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

33. Eventually Iosefa removed Plaintiff's handcuffs and stated to Plaintiff, "Let's work this out mano y mano."

34. Plaintiff ignored Iosefa, got back into his vehicle, and left the scene.

35. Plaintiff filed a complaint with respect to the incident with the CHP on August 6, 2015.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment – Detention and Arrest (42 U.S.C. § 1983)

(Against Defendants Iosefa, Crelose, and McConnell)

36. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 35 of this Complaint with the same force and effect as if fully set forth herein.

37. When Iosefa placed Plaintiff in handcuffs and detained him, he violated Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

38. Even after Defendants Crelose and McConnell, Plaintiff remained detained in handcuffs for an extended period of time.

39. Defendants Iosefa, Crelose, and McConnell detained Plaintiff without reasonable suspicion and probable cause.

40. As a result of this misconduct, Defendants Iosefa, Crelose, and McConnell are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

41. The conduct of Defendants Iosefa, Crelose, and McConnell was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to each of them.

42. Plaintiff seeks compensatory damages, punitive damages, and attorney fees under this claim.

///

///

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

**SECOND CLAIM FOR RELIEF**

**Fourth Amendment – Excessive Force (42 U.S.C. § 1983)**

(Against Defendant Iosefa)

43. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein.

44. When Iosefa violently grabbed Plaintiff's hands from the top of his head and handcuffed him, he deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

45. Iosefa's actions were excessive and unreasonable.

46. As a result of the conduct, Plaintiff sustained injuries and has suffered and continues to suffer from them.

47. The conduct of Defendant Iosefa was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to him.

48. Plaintiff seeks compensatory damages, punitive damages, and attorney fees under this claim.

**THIRD CLAIM FOR RELIEF**

**Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983)**

(Against Defendants Iosefa, Crelose, and McConnell)

49. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50. Plaintiff has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner to shock the conscience.

51. The aforementioned actions of Defendants Iosefa, Crelose, and McConnell, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

indifference to the constitutional rights of Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

52. The following conduct of Defendants Iosefa, Crelose, and McConnell shocks the conscience:

a. Assaulting Plaintiff;

b. Improperly handcuffing Plaintiff;

c. Improperly detaining Plaintiff; and

d. Integrally participating in or failing to intervene in the above misconduct.

53. As a direct and proximate cause of Defendants' actions and inactions, Plaintiff sustained injuries and has suffered and continues to suffer from them.

54. The conduct of Defendants Iosefa, Crelose, and McConnell was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to each of them.

55. Plaintiff seeks compensatory damages, punitive damages, and attorney fees under this claim.

**FOURTH CLAIM FOR RELIEF**

**Supervisory Liability (42 U.S.C. § 1983)**

(Against Defendants Does 1-5)

56. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 55 of this Complaint with the same force and effect as if fully set forth herein.

57. Defendants Does 1-5 had actual or constructive knowledge of Defendant Iosefa's wrongful conduct preceding this incident, including prior complaints made against him for excessive force and violations of his training.

58. Defendants Does 1-5 did not reprimand, re-train, or discipline Iosefa in connection with his prior wrongful conduct and the prior complaints made against him.

59. Defendants Does 1-5's acted with deliberate indifference and their "slaps on the wrist" amounted to tacit authorization of Iosefa's alleged offensive practices and wrongful conduct.

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

60. Defendants Does 1-5's failure to act appropriately in response to Iosefa's prior wrongful conduct and complaints made against him resulted in him acting similarly toward Plaintiff on the date of this incident.

61. Due to Does 1-5's inaction in the past, Iosefa believed he could get away with violating Plaintiff's constitutional rights, without fear of retaliation or discipline.

62. As a direct and proximate cause of Defendants Does 1-5's actions and inactions, Plaintiff sustained injuries and has suffered and continues to suffer from them.

63. The conduct of Does 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to each of them.

64. Plaintiff seeks compensatory damages, punitive damages, and attorney fees under this claim.

**FIFTH CLAIM FOR RELIEF**

**Battery (California Common Law)**

(Against Defendant Iosefa)

65. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 64 of this Complaint with the same force and effect as if fully set forth herein.

66. Defendant Iosefa battered Plaintiff when he violently grabbed Plaintiff's hands from the top of his head and pulled them behind his back to handcuff Plaintiff. Iosefa did not have legal justification for handcuffing and detaining Plaintiff and his actions were excessive and unreasonable.

67. As a direct and proximate cause of Iosefa's conduct, Plaintiff sustained injuries and has suffered and continues to suffer from them.

68. The conduct of Defendant Iosefa was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to him.

69. Plaintiff seeks compensatory damages and punitive damages under this claim.

///

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

**SIXTH CLAIM FOR RELIEF**

**False Arrest/False Imprisonment (California Common Law)**

(Against Defendants Iosefa, Crelose, and McConnell)

70. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 69 of this Complaint with the same force and effect as if fully set forth herein.

71. Defendants Iosefa, Crelose, and McConnell intentionally deprived Plaintiff of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.

72. Defendants Iosefa, Crelose, and McConnell detained Plaintiff without reasonable suspicion and without probable cause.

73. Plaintiff did not knowingly or voluntarily consent.

74. The conduct of Defendants Iosefa, Crelose, and McConnell was a substantial factor in causing harm to Plaintiff.

75. As a result of this misconduct, Defendants Iosefa, Crelose, and McConnell are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

76. The conduct of Defendants Iosefa, Crelose, and McConnell was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to each of them.

77. Plaintiff seeks compensatory damages and punitive damages under this claim.

**SEVENTH CLAIM FOR RELIEF**

**Negligence (California Common Law)**

(Against Defendants Iosefa, Crelose, and McConnell)

78. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 77 of this Complaint with the same force and effect as if fully set forth herein.

79. Defendants Iosefa, Crelose, and McConnell had a duty to exercise reasonable care with respect to Plaintiff.

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

80. The actions and inactions of Defendants Iosefa, Crelose, and McConnell were negligent and reckless, including without limitation:

a. The failure to properly and adequately assess the need to detain, arrest, and use force against Plaintiff;

b. The negligent tactics and handling of the situation with Plaintiff;

c. The negligent detention and use of force against Plaintiff;

d. The use of improper handcuffing procedures to detain Plaintiff; and

e. The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff.

81. As a direct and proximate cause of Iosefa's conduct, Plaintiff sustained injuries and has suffered and continues to suffer from them.

82. Plaintiff seeks compensatory damages under this claim.

**EIGHTH CLAIM FOR RELIEF**

**Violation of Bane Act (Cal. Civil Code § 52.1)**

(Against Defendants Iosefa, Crelose, and McConnell)

83. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 82 of this Complaint with the same force and effect as if fully set forth herein.

84. California Civil Code Section 52.1 (the Bane Act) prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion.

85. Each of the Defendants, acting within the course and scope of their duties, conspired to commit, attempted to commit, and actually committed violent acts against Decedent, together with other misconduct, including without limitation the following:

a. Assaulting Plaintiff;

b. Improperly handcuffing Plaintiff;

c. Improperly detaining Plaintiff; and

d. Integrally participating in or failing to intervene in the above misconduct.

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

86. The Defendants' acts, as described above, interfered with the civil rights of Plaintiff, including without limitation Plaintiff's right to be free from unreasonable searches and seizures, to due process, and to be free from state actions that shock the conscience, and to life, liberty, and property.

87. On information and belief, Defendants intentionally and spitefully committed the above acts to discourage Plaintiff from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

88. Plaintiff reasonably believed and understood that the violent acts committed by Defendants were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

89. The conduct of the Defendants was a substantial factor in causing the harms, losses, injuries and damages of Plaintiff.

90. The conduct of Defendants Iosefa, Crelose, and McConnell was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to each of them.

91. Plaintiff seeks compensatory damages, punitive damages, and attorney fees under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Robert Palmer requests entry of judgment in his favor and against Defendants Iosefa, Crelose, McConnell, and Does 1-10, inclusive, as follows:

A. For compensatory damages, in an amount to be proven at trial;

B. For punitive damages, in an amount to be proven at trial;

C. For statutory penalties under the Bane Act;

D. For interest;

E. For reasonable costs of this suit and attorney fees; and

///

///

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

F. For such other relief as the Court may deem just, proper, and appropriate.

DATED: June 7, 2016 CHAIN | COHN | STILES

*/s/ David K. Cohn*

By: ______________________________
David K. Cohn, Esq.
Neil K. Gehlawat, Esq.
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: June 7, 2016 CHAIN | COHN | STILES

*/s/ David K. Cohn*

By: ______________________________
David K. Cohn, Esq.
Neil K. Gehlawat, Esq.
Attorneys for Plaintiffs

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000