# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PALMER,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL OFFICER IOSEFA, CALIFORNIA HIGHWAY PATROL OFFICER CRELOSE, CALIFORNIA HIGHWAY PATROL OFFICER MCCONNELL, and DOES 1 to 10, inclusive,<br><br>    Defendants.<br>_____/ | Case No. 1:16-cv-00787-SKO<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR DAMAGES<br><br>(Doc. 10) |

## I.   INTRODUCTION

Plaintiff Robert Palmer filed this civil rights action under 42 U.S.C. § 1983 on June 7, 2016. This action is proceeding on Plaintiff's complaint against Defendants California Highway Patrol ("CHP") Officer Iosefa ("Iosefa"), CHP Officer Crewse ("Crewse," erroneously named as "Crelose"), CHP Officer McConnell ("McConnell"), and Does 1 through 10, inclusive, for the following: (1) unlawful detention and arrest in violation of the Fourth Amendment against Defendants Iosefa, Crewes, and McConnell ("First Claim for Relief"); (2) excessive force in violation of the Fourth Amendment against Defendant Iosefa ("Second Claim for Relief"); (3) violation of substantive due process rights under the Fourteenth Amendment against Defendants Iosefa, Crewes, and McConnell ("Third Claim for Relief"); (4) supervisory liability under section 1983 against the Doe Defendants ("Fourth Claim for Relief"); (5) common law battery against

Defendant Iosefa ("Fifth Claim for Relief"); (6) common law false arrest/imprisonment against Defendants Iosefa, Crewes, and McConnell ("Sixth Claim for Relief"), (7) common law negligence against Defendants Iosefa, Crewes, and McConnell ("Seventh Claim for Relief"), and (8) violation of California Civil Code § 52.1, also known as the "Bane Act," against Defendants Iosefa, Crewes, and McConnell ("Eighth Claim for Relief"). (Doc. 1 (Complaint).)

On August 11, 2016, Defendants Iosefa, Crewse, and McConnell filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 10 (Mot. to Dismiss.) Plaintiff filed his opposition on September 7, 2016, and Defendants filed their reply on September 14, 2016. (Docs. 14-15.) After having reviewed the parties' papers, the matter was deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the Court vacated the hearing set for September 21, 2016. (Doc. 16.)

For the reasons set forth below, Defendants' motion to dismiss is DENIED IN PART AND GRANTED IN PART.[1]

## II.   FACTUAL BACKGROUND[2]

Plaintiff is a Detective with the Department of Insurance, Fraud Division of the State of California. (Doc. 1 (Complaint), ¶ 17.) On June 30, 2015, Plaintiff was driving home to Fresno from Los Angeles, traveling in the first lane of northbound State Road 99. (*Id.*, ¶¶ 16, 18.) At approximately 10 p.m., a marked CHP unit initiated a traffic stop on Plaintiff's vehicle. (*Id.*, ¶ 18.) Plaintiff immediately pulled to the side of the road and momentarily flashed his rear-facing emergency equipment to alert the CHP officer that Plaintiff was an on-duty officer in a police vehicle. (*Id.*, ¶ 19.) Plaintiff also placed both of his hands on top of the steering wheel with his fingers open and identified himself as an on-duty officer. (*Id.*, ¶ 20.)

Defendant Iosefa approached Plaintiff's vehicle and "immediately became agitated." (*Id.*, ¶ 21.) After seeing Plaintiff's badge, Defendant Iosefa told Plaintiff that having a badge "meant

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge for all purposes. (Docs. 6, 9.)
[2] The Court is required to accept as true all factual allegations in the amended complaint when resolving a Rule 12(b)(6) motion. *See Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008). Accordingly, the factual background section is derived from the factual allegations of the complaint (unless otherwise noted) and will be used to resolve this motion only.

nothing to him," and started asking Plaintiff how much alcohol he had consumed that night. (*Id.*, ¶¶ 22-23.) Plaintiff had not consumed any alcohol and told Defendant Iosefa the same. (*Id.*, ¶ 23.) Defendant Iosefa instructed Plaintiff to keep his hands up and exit the vehicle. (*Id.*, ¶ 24.) Plaintiff complied and exited the vehicle. (*Id.*, ¶ 25.)

"Suddenly, and without warning," Defendant Iosefa "violently grabbed" both of Plaintiff's hands from the top of his head and pulled them in "an aggressive motion" into a handcuffing position. (*Id.,* ¶ 26.) Plaintiff "immediately felt a 'pop' in his left shoulder." (*Id.*, ¶ 27.) Defendant Iosefa handcuffed Plaintiff and detained him on the highway shoulder. (*Id.*, ¶ 28.)

"After some time," Defendants Crewes and McConnell arrived on scene. (*Id.*, ¶ 29.) Both Defendants Crewes and McConnell "stated that they had been called to determine if Plaintiff was under the influence of alcohol." (*Id.*, ¶ 30.) Plaintiff explained to Defendants Crewes and McConnell that he was an on-duty officer and he had not been drinking. (*Id.*, ¶ 31.) Despite this, Plaintiff "remained detained on the highway shoulder for a total of approximately 30 minutes." (*Id.*, ¶ 32.)

"Eventually," Defendant Iosefa removed Plaintiff's handcuffs and stated to Plaintiff, "Let's work this out mano y mano." (*Id.*, ¶ 33.) Plaintiff "ignored [Defendant] Iosefa, got back into his vehicle, and left the scene." (*Id.*, ¶ 34.) On August 6, 2015, Plaintiff filed a complaint with respect to the incident with the CHP. (*Id.*, ¶ 35.)

### IV.    MOTION TO DISMISS STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Courts may not supply essential elements not initially pled, *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), and

"'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim,'" *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000). Further,

> If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible. The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable. The factual allegations of the complaint need only "plausibly suggest an entitlement to relief." . . . Rule 8(a) "*does not impose a probability requirement at the pleading stage*; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations.

*Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) (internal citations omitted) (emphases in original).

In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### III.   DISCUSSION

Defendants contend Plaintiff's complaint is "totally devoid of any facts stating actionable conduct" that would give rise to a false arrest and detention claim under 42 U.S.C. § 1983 by Defendants Crewes and McConnell. (Doc. 10, pp. 3-4 (Mot. to Dismiss).) Defendants further

contend Plaintiff's claim under the Bane Act fails for failure to plead "any specific threat, intimidation, or coercion," and Plaintiff fails to state a claim for punitive damages.[3] (*Id.*, at pp. 4-5, 7-8.) Plaintiff contends he has alleged sufficient facts to satisfy the Rule 8(a) pleading standard, Fed. R. Civ. P. 8(a)(2). (Doc. 14 (Opp'n to Mot. to Dismiss).)

**A.    Plaintiff Fails to State a Claim for Unlawful Arrest and Detention under 42 U.S.C. § 1983 Against Defendants Crewes and McConnell.**

**1.    Section 1983 Requirements**

"Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Section 1983 and other federal civil rights statutes address liability "in favor of persons who are deprived of 'rights, privileges, or immunities secured' to them by the Constitution." *Carey v. Piphus*, 435 U.S. 247, 253 (1978) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976)). "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker*, 443 U.S. at 140. Stated differently, the first step in a section 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright*, 510 U.S. at 271. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker*, 443 U.S. at 146.

**a.    Integral Participation**

"Section 1983 creates a cause of action based on personal liability and predicated upon

---

[3] Defendant also seeks dismissal of Plaintiff's section 1983 brought under the Fourteenth Amendment ("Third Claim for Relief") because such claim should have been brought under the Fourth Amendment. (Doc. 10, pp. 6-7 (Motion to Dismiss).) In his response, Plaintiff concedes that the Fourth Amendment analysis governs and agrees to dismiss his claim for relief under the Fourteenth Amendment. Accordingly, Defendant's Motion to Dismiss shall be GRANTED with respect to Plaintiff's "Third Claim for Relief" and such claim shall be dismissed with prejudice and without leave to amend.

5

fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied*, 520 U.S. 1230 (1997); *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.")  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer*, 844 F.2d at 633.  Section 1983 requires that there be an actual connection or link between the defendant's actions and the deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 376 (1976).

A plaintiff cannot hold an officer liable "because of his membership in a group without a showing of individual participation in the unlawful conduct." *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002) (citing *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996)).  A plaintiff must "establish the 'integral participation' of the officers in the alleged constitutional violation." *Jones*, 297 F.3d at 935.  "'[I]ntegral participation' does not require that each officer's actions themselves rise to the level of a constitutional violation." *Boyd v. Benton Cty.*, 374 F.3d 773, 780 (9th Cir. 2004).  It does, however, require "some fundamental involvement in the conduct that allegedly caused the violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007).

### b. Duty to Intercede

The Ninth Circuit has held that "'police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen.'" *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (quoting *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 81 (1996)).  "Importantly, however, officers can be held liable for failing to intercede only if they had an opportunity to intercede." *Cunningham*, 229 F.3d at 1289-90.  "[I]f a violation happens so quickly that an officer had no 'realistic opportunity' to intercede, then the officer is not liable for failing to intercede." *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1159 (N.D. Cal. 2009) (quoting *Cunningham*, 229 F.3d at 1289-90)).

//

//

**2. Analysis**

Defendants contend that Plaintiff's complaint is devoid of facts of Defendants Crewes's and McConnell's integral participation in the alleged deprivation of Plaintiff's Fourth Amendment rights. (Mot. to Dismiss, 3:26-4:10; Doc. 15 (Reply to Opp'n to Mot. to Dismiss), 2:13-3:2).) Defendants note the absence of facts that Defendants Crewes or McConnell played a role in Plaintiff's arrest, given Plaintiff's allegations that Defendants Crewes and McConnell arrived at the scene *after* Defendant Iosefa's handcuffing of Plaintiff. (Reply to Opp'n to Mot. to Dismiss, 2:13-3:2.) Plaintiff responds that Defendants "had a realistic opportunity to stop the unlawful detainment, but chose not to intervene." (Opp'n to Mot. to Dismiss, 3:24-25.)

Plaintiff's complaint lacks facts that Defendants Crewes and McConnell were integral participants in the deprivation of Plaintiff's constitutional rights, and it does not include facts that Defendants Crewes and McConnell were on notice that Defendant Iosefa had deprived or was depriving Plaintiff's constitutional rights. The complaint merely alleges that that Defendants Crewes and McConnell arrived on the scene after Defendant Iosefa had handcuffed Plaintiff and detained him on the side of the road, that Plaintiff "explained to [Defendant Crewes] and [Defendant] McConnell that he was an on-duty officer and that he had not been drinking," and that, despite that explanation, Plaintiff remained detained on the highway shoulder. (Compl., ¶¶ 29-32.) Defendant Crewes and Defendant McConnell neither arrested nor handcuffed Plaintiff and thus did not directly participate in the alleged constitutional violation arising from the handcuffing and detention. Taking Plaintiff's allegations as true, as the Court must, that Plaintiff told Defendants Crewes and McConnell he was an on-duty officer and had not been drinking alcohol, such allegation alone is not sufficient to put Defendants Crewes and McConnell on notice that Defendant Iosefa had detained Plaintiff "without reasonable suspicion and probable cause."

The complaint alleges no facts, and Plaintiff offers none, that Defendants Crewes and McConnell were or should have been aware that Defendant Iosefa subjected Plaintiff to a constitutional violation. Plaintiff points to no pertinent authority to obligate Defendants Crewes and McConnell to discontinue Plaintiff's detention under the alleged facts. The complaint's claim under section 1983 for unlawful detention and arrest ("First Claim for Relief") against Defendants

Crewes and McConnell fails, and Plaintiff proffers nothing to resurrect it. *See Berman v. Sink*, No. CV F 13-0597 LJO SAB, 2013 WL 2360899, at *6 (E.D. Cal. May 29, 2013) (dismissing claims for unlawful detention against a supervisor who was summoned after the defendant courthouse security officer arrested and detained the plaintiff where the supervisor did not directly participate in the alleged unlawful arrest or detention, and the complaint failed to allege facts indicating that the supervisor was or should have been aware that his subordinate subjected the plaintiff to a constitutional violation). *See also Shatford v. Los Angeles Cty. Sheriff's Dep't*, No. CV 15-1767 BRO (AJW), 2016 WL 1579379, at *16 (C.D. Cal. Mar. 29, 2016), *report and recommendation adopted*, No. CV 15-1767 BRO (AJW), 2016 WL 1573422 (C.D. Cal. Apr. 19, 2016) (finding courtroom bailiff not liable for failing to prevent the plaintiff's detention where the plaintiff failed to allege facts "plausibly suggesting" the bailiff knew there was no legal basis to detain the plaintiff). As such, the Court must dismiss Plaintiff's "First Claim for Relief" against Defendants Crewes and McConnell.

**B.  Plaintiff Has Adequately Pled a Claim under the Bane Act Against Defendant Iosefa.**

   **1.  Cal. Civ. Code §52.1 (the "Bane Act")**

Cal. Civ. Code § 52.1, the "Bane Act," prohibits any person from interfering by "threat, intimidation, or coercion. . .with the exercise or enjoyment by any individual. . .of rights secured by the Constitution or laws of the United States. . .or of the rights secured by the Constitution or laws of this state. . . ." Cal. Civ. Code § 52.1(a). "The essence of a Bane Act claim is that 'the defendant, by the specified improper means (*i.e.*, 'threat, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law.'" *McFarland v. City of Clovis*, 163 F. Supp. 3d 798, 2016 WL 632663, at *6 (E.D. Cal. Feb. 16, 2016) (quoting *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998) and *Shoyoye v. County of L.A.*, 203 Cal. App. 4th 947, 955-56 (2012)). There are two distinct elements for a Bane Act claim: (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threat, intimidation or coercion. *McFarland*, 2016 WL 632663, at *6 (citing *Allen v. City of Sacramento*, 234 Cal.App.4th 41 (2015)).

In a search-and-seizure case, the plaintiff "must allege threats or coercion beyond the coercion inherent in a detention or search in order to recover under the Bane Act." *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1196 (9th Cir. 2015). *See also Morse v. County of Merced*, No. 1:16-cv-000142-DAD-SKO, 2016 WL 4000406, at *2 (E.D. Cal. July 25, 2016) ("[I]n cases alleging a violation of a plaintiff's Fourth Amendment right to be free from unlawful searches and seizures, there must be some additional evidence of threat, intimidation, or coercion beyond the coercive nature inherent in *each and every arrest* to sustain a claim under the Bane Act."); *Basilio v. City of Fairfield*, No. 2:16-cv-00392-JAM-EFB, 2016 WL 3753324, at *4 (E.D. Cal. July 14, 2016); *Stewart v. Saukkola*, No. 2:16-cv-00388-KJM-EFB, 2016 WL 3418340, at *3 (E.D. Cal. June 22, 2016); *Malott v. Placer County*, No. 2:14-cv-1040-KJM-EFB, 2016 WL 538462, at *7 (E.D. Cal. Feb. 11, 2016); *Avila v. California*, No. 1:15-cv-00996-JAM-GSA, 2015 WL 6003289, at *2 (E.D. Cal. Oct. 14, 2015); *Allen*, 234 Cal. App. 4th at 69; *Shoyoye*, 203 Cal.App.4th at 960. However, where an arrest is "unlawful and excessive force is applied in making the arrest, there has been coercion 'independent from the coercion inherent in the wrongful detention itself.'" *McFarland*, 2016 WL 632663, at *6 (quoting *Bender v. County of Los Angeles*, 217 Cal. App. 4th 968, 979 (2013)). *See also Stewart*, 2016 WL 3418340, at *3 ("[A] plaintiff may state a claim under [the Bane Act] where an unlawful arrest is accompanied by the deliberate and spiteful use of excessive force, such that the force constitutes coercion separate and apart from the coercion inherent in an unlawful arrest.") (internal quotations omitted).

**2.     Analysis**

Defendants contend that Plaintiff's claim for violation of the Bane Act should be dismissed because Plaintiff failed to allege "threats, intimidation or coercion" separate and independent from the wrongful conduct constituting the constitutional rights violation. In response, Plaintiff asserts that his Bane Act claim survives because he has properly pled a claim for excessive force under the Fourth Amendment, citing *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir.) ("[A] successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under [the Bane Act]."), *cert. denied sub nom. City of Los Angeles, Cal. v. Chaudhry*, 135 S. Ct. 295 (2014).

Whether under *Chaudhry* Plaintiff's plausible allegations regarding Defendant Iosefa's use of excessive force *alone* can suffice to state a Bane Act claim is irrelevant on the facts as alleged, as here Plaintiff claims that he was unlawfully arrested and detained *and* that Defendant Iosefa used unlawful force in arresting and detaining him. Plaintiff alleges that, after had complied with Defendant Iosefa's instruction to keep his hands up and to exit his vehicle, "[s]uddenly, and without warning," Defendant Iosefa "violently grabbed both of Plaintiff's hands from the top of his head and pulled them in an aggressive motion to an handcuffing position," then handcuffed Plaintiff and detained him on the highway shoulder." (Compl., ¶¶ 24-26, 28.) Plaintiff further alleges that "when [Defendant] Iosefa violently grabbed Plaintiff's hands from the top of his head and handcuffed him, he deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment." (*Id.* ¶ 44.)

Although the mere fact of handcuffing cannot from the basis of a Bane Act claim, *see Lyall*, 807 F.3d at 1196, the Court finds that at the pleading stage, these allegations are sufficient to state a claim for violation of the Bane Act against Defendant Iosefa.[4] The force allegedly applied by Defendant Iosefa constitutes coercion separate and apart from the coercion inherent in an arrest: Defendant Iosefa allegedly violently grabbed both of Plaintiff's hands from the top of his head and pulled them into an aggressive motion after Plaintiff had exited his vehicle and placed his hands up per Defendant Iosefa's instructions. (*Id.*, ¶¶ 24-26, 28.) Such force applied to an unresisting Plaintiff cannot be said to constitute force inherent in an arrest. *See, e.g.*, *Stewart*, 2016 WL 3418340, at \*4; *Bender*, 217 Cal. App. 4th at 979. *See also Avila*, 2015 WL 6003289, at \*3 ("Plaintiffs allege they were unlawfully detained and that Defendants used excessive force in so detaining them. These allegations are sufficient to support a Bane Act claim."); *Henneberry v. City of Newark*, No. 13-cv-05238-MEJ, 2014 WL 4978576, at \*16 (N.D. Cal. Oct. 6, 2014)*; Bass v. City of Fremont*, No. C12-4943 TEH, 2013 WL 891090, at \*6 (N.D. Cal. Mar. 8, 2013). *Cf.*

---

[4] As discussed above, at this stage of the pleadings, Plaintiff need only satisfy the pleading standard set forth by the Court in *Iqbal* pursuant to Fed. R. Civ. P. 8(a), *see* 556 U.S. 662, not the more exacting standard required under Fed. R. Civ. P. 56 for a motion for summary judgment. *See Starr*, 652 F.3d at 1216-17 ("Rule 8(a) 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence' to support the allegations").

*McFarland*, 2016 WL 632663, at *6 (allegations that officers "violently seized and handcuffed" the plaintiff were insufficient to state a claim under the Bane Act where there were no factual allegations that the officers "'violently' touched" the plaintiff or "used excessive force while in the process of handcuffing him"). Accordingly, Defendants' motion to dismiss Plaintiff's Bane Act, Cal. Civ. Code § 52.1, claim ("Eighth Claim for Relief") against Defendant Iosefa is denied.

**C.    Plaintiff's Bane Act Claim Against Defendants Crewes and McConnell Fails.**

Plaintiff's Bane Act claim against Defendants Crewes and McConnell, however, is subject to dismissal because this Court has already found that Plaintiff has failed to allege facts sufficient to support his claims under section 1983 against these defendants (*see* Section III.A, *supra*). *See Wilson v. City of Bakersfield*, No. 1:16-cv-00387-JLT, 2016 WL 2997496, at *8 (E.D. Cal. May 23, 2016) ("[B]ecause Plaintiffs have failed to allege facts sufficient to support the claim for unlawful arrest and excessive force, the claim for a violation of the Bane Act similarly is insufficient."). Accordingly, the Court must dismiss Plaintiff's Bane Act claim ("Eighth Claim for Relief") against Defendants Crewes and McConnell.

**D.    Plaintiff's Common Law Claims Against Defendants Crewes and McConnell Are Dismissed.**

Defendants seek dismissal of Plaintiff's California common law claims for "false arrest/false imprisonment" ("Sixth Claim for Relief") and negligence ("Seventh Claim for Relief") against Defendants Crewes and McConnell, yet they put forth no argument addressing such claims and specifically why each should be dismissed. (*See* Docs. 10, 15.) Nevertheless, the Court has considered the sufficiency of Plaintiff's allegations with respect to these claims and finds that dismissal of these claims against Defendants Crewes and McConnell is warranted.

**1.    "False Arrest/False Imprisonment"**

"'[F]alse arrest' and 'false imprisonment' are not separate torts. False arrest is but one way of committing a false imprisonment, and they are distinguishable only in terminology." *Campbell v. City of Milpitas*, No. 13-cv-03817-BLF, 2015 WL 1359311, at *14 (N.D. Cal. Mar. 25, 2015) (quoting *Collins v. City and Cty. of San Francisco*, 50 Cal. App. 3d 671, 673 (1975)). "Under California law, the elements of a claim for false imprisonment are: (1) the nonconsensual,

intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Young v. County of Los Angeles*, 655 F.3d 1156, 1169 (9th Cir. 2011) (internal quotation marks and citation omitted).

Plaintiff's complaint fails to plead facts that Defendants Crewes and McConnell "intentionally confined" Plaintiff. Instead, Plaintiff alleges only that Defendants Crewes and McConnell arrived on the scene after *Defendant Iosefa* had arrested and handcuffed Plaintiff and that Plaintiff remained detained on the highway shoulder. Plaintiff therefore has not stated a plausible claim for false imprisonment against Defendants Crewes and McConnell and the Court must dismiss that claim against those defendants.

### 2. Negligence

To plead a negligence claim, Plaintiff must allege that: (1) the defendant owed plaintiff a duty of care; (2) the defendant breached that duty by failing to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise, (3) that there was a proximate causal connection between the defendant's negligence conduct and the resulting injury to the plaintiff; and (4) that the defendant's negligence resulted in actual loss or damage to the plaintiff. *Zabala v. City of Ceres*, No. 1:15-cv-00904-GEB-SAB, 2015 WL 5178391, at *5 (E.D. Cal. Sept. 4, 2015) (quoting *Ortega v. City of Oakland*, No. C07-02659 JCS, 2008 WL 4532550, at *14 (N.D. Cal. Oct. 8, 2008)).

Plaintiff's allegations in support of his negligence claim are conclusory and not supported by any facts showing that Defendants Crewes and McConnell breached any duty of care owed to Plaintiff. *See, e.g., Basilio*, 2016 WL 3753324, at *5. In addition, Plaintiff fails to allege that the negligence of Defendants Crewes and McConnell caused him injury. (*See* Compl. ¶ 81 ("As a direct and proximate cause of *Iosefa's* conduct, Plaintiff sustained injuries. . . .") (emphasis added.) Thus, Plaintiff fails to plead a common law negligence claim against Defendants Crewes and McConnell and the Court must dismiss that claim against those defendants.

### E. Plaintiff Has Adequately Pled Sufficient Facts to Support a Claim for Punitive Damages Against Defendant Iosefa Only.

Finally, Defendants argue that Plaintiff has failed to plead sufficient facts to support a

12

claim for punitive damages against Defendants Iosefa, Crewes, and McConnell, presumably with respect to any of his causes of action. Plaintiff argues the allegations that Defendants "handcuffed and detained [him] (or failed to intervene) for an extended period of time on the side of the highway, despite the fact that [he] had done nothing wrong" are sufficient to sustain a punitive damages claim because they that defendants acted in reckless disregard of plaintiff's constitutional rights. (Opp'n to Mot. to Dismiss, 4:22-28.)

"The standard for punitive damages under § 1983 mirrors the standard for punitive damages under common law tort cases." *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005). *See Morse*, 2016 WL 3254034, at *15. "[M]alicious, wanton, or oppressive acts or omissions are within the boundaries of traditional tort standards for assessing punitive damages and foster 'deterrence and punishment over and above that provided by compensatory awards.'" *Dang*, 422 F.3d at 807 (quoting *Smith v. Wade*, 461 U.S. 30, 54 (1983)).

Here, if the facts as alleged in Plaintiff's complaint as set forth above are proven, a reasonable jury could find Defendant Iosefa's behavior to be malicious, wanton, or oppressive. Accordingly, Defendants are entitled to dismissal of Plaintiff's punitive damages claim against Defendants Crewes and McConnell only.

**F.     Leave to Amend Will be Granted.**

Plaintiff's claims against Defendants Crewes and McConnell must be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). However, courts are free to grant a party leave to amend whenever "justice so requires," Fed. R. Civ. P. 15(a)(2), and requests for leave should be granted with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)); *see Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

//

Out of an abundance of caution, leave to amend Plaintiff's First, Sixth, Seventh, and Eighth Claim for Relief against Defendants Crewes and McConnell will be granted to correct the deficiencies discussed above. Plaintiff is reminded that to survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" – "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

## V.     CONCLUSION

For the reasons set forth above, it is HEREBY ORDERED that:

1. Defendants' Motion to Dismiss Complaint For Damages (Doc. 10) is GRANTED IN PART and DENIED IN PART;

2. Plaintiff's claims against Defendant CHP Officer Crewes (erroneously named "Crelose") are DISMISSED with leave to amend;

3. Plaintiff's claims against Defendant CHP Officer McConnell are DISMISSED with leave to amend;

4. Plaintiff's claim for violation of the Fourteenth Amendment under 42 U.S.C. § 1983 against Defendant CHP Officer Iosefa is DISMISSED with prejudice and without leave to amend; and

5. Plaintiff may file a First Amended Complaint within 14 days of the date of this order.

IT IS SO ORDERED.

Dated:  **September 22, 2016**                    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE