# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT PALMER,

Plaintiff,

v.

CALIFORNIA HIGHWAY PATROL OFFICER IOSEFA, CALIFORNIA HIGHWAY PATROL OFFICER CRELOSE, CALIFORNIA HIGHWAY PATROL OFFICER MCCONNELL, and DOES 1 to 10, inclusive,

Defendants.

______________________________________/

Case No. 1:16-cv-00787-SKO

ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DAMAGES

(Doc. 22)

## I. INTRODUCTION

On November 3, 2016, Defendants California Highway Patrol ("CHP") Officer Crewse ("Crewse," erroneously named as "Crelose") and CHP Officer McConnell ("McConnell") filed a motion to dismiss Plaintiff Robert Palmer's ("Plaintiff") First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 22.) Plaintiff filed his opposition on November 30, 2016, and Defendants filed their reply on December 7, 2016. (Docs. 24 & 25.) After having reviewed the parties' papers, the matter was deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the Court vacated the hearing set for December 14, 2016.

(Doc. 26.)

For the reasons set forth below, Defendants' motion to dismiss is GRANTED IN PART, AND DENIED IN PART.[1]

## II. FACTUAL BACKGROUND[2]

Plaintiff is a Detective with the Department of Insurance, Fraud Division of the State of California. (Doc. 19 (First Amended Complaint ("FAC")), ¶ 17.) On June 30, 2015, Plaintiff was driving home to Fresno from Los Angeles, traveling in the first lane of northbound State Road 99. (*Id.*, ¶¶16, 18.) At approximately 10 p.m., a marked CHP unit initiated a traffic stop on Plaintiff's vehicle. (*Id.*, ¶ 18.) Plaintiff immediately pulled to the side of the road and momentarily flashed his rear-facing emergency equipment to alert the CHP officer that Plaintiff was an on-duty officer in a police vehicle. (*Id.*, ¶ 19.) Plaintiff also placed both of his hands on top of the steering wheel with his fingers open and identified himself as an on-duty officer. (*Id.*, ¶ 20.)

Defendant CHP Officer Iosefa ("Iosefa"), approached Plaintiff's vehicle and "immediately became agitated." (*Id.*, ¶ 21.) After seeing Plaintiff's badge, Defendant Iosefa told Plaintiff that having a badge "meant nothing to him," and started asking Plaintiff how much alcohol he had consumed that night. (*Id.*, ¶¶ 22-23.) Plaintiff had not consumed any alcohol and told Defendant Iosefa the same. (*Id.*, ¶ 23.) Defendant Iosefa instructed Plaintiff to keep his hands up and to exit the vehicle. (*Id.*, ¶ 24.) Plaintiff complied and exited the vehicle. (*Id.*, ¶ 25.)

"Suddenly, and without warning," Defendant Iosefa "violently grabbed" both of Plaintiff's hands from the top of his head and pulled them in "an aggressive motion" into a handcuffing position. (*Id.*, ¶ 26.) Plaintiff "immediately felt a 'pop' in his left shoulder." (*Id.*, ¶ 27.) Defendant Iosefa handcuffed Plaintiff and detained him on the highway shoulder. (*Id.*, ¶ 28.)

"After some time," Defendants Crewse and McConnell arrived on scene. (*Id.*, ¶ 29.) Both Defendants Crewse and McConnell "stated that they had been called to determine if Plaintiff was

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge for all purposes. (Docs. 6, 9.)

[2] The Court is required to accept as true all factual allegations in the amended complaint when resolving a Rule 12(b)(6) motion. *See Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008). Accordingly, the factual background section is derived from the factual allegations of the First Amended Complaint (unless otherwise noted) and will be used to resolve this motion only.

under the influence of alcohol." (*Id.*, ¶ 30.) Plaintiff "remained detained on the highway shoulder for approximately 20 minutes after Defendants Crewse and McConnell arrived on scene." (*Id.*, ¶ 31.) During this 20-minute period, Defendants Crewse and McConnell engaged in the following acts or omissions: (a) spoke with Defendant Iosefa; (b) saw Plaintiff's police badge and other equipment; (c) inspected Plaintiff's vehicle and acknowledged it was "obviously a police vehicle"; (d) heard Plaintiff's "call sign"; (e) heard Plaintiff explain to them that he was an on-duty officer, had not been drinking, "and the context of the prior detention by [Defendant] Iosefa"; (f) spoke with Plaintiff and "verbally acknowledg[ed] that they did not believe Plaintiff had been drinking"; (g) did not perform any field sobriety tests or other alcohol-related tests on Plaintiff; and (h) "[e]ither [Defendant] Crewse or [Defendant] McConnell refused multiple times to provide Plaintiff with their names and the name of [Defendant] Iosefa despite knowing he was required to do so." (*Id.*) Based on these acts and omissions, Defendants Crewse and McConnell "learned that Plaintiff had been detained without reasonable suspicion and probable cause, and despite this refused to intervene to stop the illegal detention." (*Id.*, ¶32.)

Plaintiff "remained detained on the highway shoulder for a total of approximately 30 minutes." (*Id.*, ¶ 33.) "Eventually," Defendant Iosefa removed Plaintiff's handcuffs and stated to Plaintiff, "Let's work this out mano y mano." (*Id.*, ¶ 34.) Plaintiff "ignored [Defendant] Iosefa, got back into his vehicle, and left the scene." (*Id.*, ¶ 35.) On August 6, 2015, Plaintiff filed a complaint with respect to the incident with the CHP. (*Id.*, ¶ 36.)

## III. PROCEDURAL HISTORY

Plaintiff filed his original complaint on June 7, 2016, against Defendants Iosefa, Crewse, and McConnell, and Doe Defendants, alleging (1) unlawful detention and arrest in violation of the Fourth Amendment under 42 U.S.C. § 1983 against Defendants Iosefa, Crewse, and McConnell; (2) excessive force in violation of the Fourth Amendment against Defendant Iosefa; (3) violation of substantive due process rights under the Fourteenth Amendment against Defendants Iosefa, Crewse, and McConnell; (4) supervisory liability under section 1983 against the Doe Defendants; (5) common law battery against Defendant Iosefa; (6) common law false arrest/imprisonment against Defendants Iosefa, Crewse, and McConnell; (7) common law negligence against

Defendants Iosefa, Crewse, and McConnell; and (8) violation of California Civil Code § 52.1, also known as the "Bane Act," against Defendants Iosefa, Crewse, and McConnell. (Doc. 1.) Defendants Iosefa, Crewse, and McConnell filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 11, 2016. (Doc. 10.) On September 23, 2016, the Court granted in part, and denied in part, Defendants' motion to dismiss. (Doc. 17.) Specifically, the Court dismissed without prejudice, and with leave to amend, Plaintiff's claims against Defendants Crewse and McConnell. (*See* Doc. 17.)

Plaintiff filed his FAC on October 6, 2016. (Doc. 19.) On November 3, 2016, Defendants Crewse and McConnell filed a motion to dismiss Plaintiff's claims against them in the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 22.) The FAC alleges the following causes of action against Defendants Crewse and McConnell: (1) unlawful detention and arrest in violation of the Fourth Amendment ("First Claim for Relief"); (2) common law "false arrest/falseimprisonment" ("Fifth Claim for Relief"); and (3) common law negligence ("Sixth Claim for Relief"). (Doc. 19.) Plaintiff filed his opposition on November 30, 2016, and Defendants filed their reply on December 7, 2016. (Docs. 24 & 25.)

## IV. MOTION TO DISMISS STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a Rule 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Courts may not supply essential elements not initially pled, *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), and "'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim,'" *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.

1996)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000). Further,

> If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible. The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable. The factual allegations of the complaint need only "plausibly suggest an entitlement to relief." . . . Rule 8(a) "*does not impose a probability requirement at the pleading stage*; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations.

*Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) (internal citations omitted) (emphases in original).

In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## IV. DISCUSSION

Defendants contend that the FAC contains "only minimal allegations that identify what conduct [Defendants] Crewse and McConnell engaged in that could plausibly state a constitutional claim against them." (Doc. 22, at p. 4. *See also* Doc. 25, at 3:7-9.) Defendants further allege that Plaintiff's negligence claim is subject to dismissal due to Plaintiff's failure to cure the defect in his earlier pleading and for the additional reason that it lacks merit. (Doc. 22, at pp. 7-8; Doc. 25, at

p. 6..) Plaintiff contends that the FAC includes additional factual allegations that support both his federal and state causes of action against Defendants Crewse and McConnell. (Doc. 24, at p. 2.)

**A. Plaintiff States a Claim for Unlawful Arrest and Detention under 42 U.S.C. § 1983 Against Defendants Crewse and McConnell.**

**1. Section 1983 Requirements**

"Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Section 1983 and other federal civil rights statutes address liability "in favor of persons who are deprived of 'rights, privileges, or immunities secured' to them by the Constitution." *Carey v. Piphus*, 435 U.S. 247, 253 (1978) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976)). "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws." *Baker*, 443 U.S. at 140. Stated differently, the first step in a section 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright*, 510 U.S. at 271. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker*, 443 U.S. at 146.

**a. Integral Participation**

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied*, 520 U.S. 1230 (1997); *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.") "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer*,

844 F.2d at 633. Section 1983 requires that there be an actual connection or link between the defendant's actions and the deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 376 (1976).

A plaintiff cannot hold an officer liable "because of his membership in a group without a showing of individual participation in the unlawful conduct." *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002) (citing *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996)). A plaintiff must "establish the 'integral participation' of the officers in the alleged constitutional violation." *Jones*, 297 F.3d at 935. "'[I]ntegral participation' does not require that each officer's actions themselves rise to the level of a constitutional violation." *Boyd v. Benton Cty.*, 374 F.3d 773, 780 (9th Cir. 2004). It does, however, require "some fundamental involvement in the conduct that allegedly caused the violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007).

**b. Duty to Intercede**

The Ninth Circuit has held that "'police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen.'" *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (quoting *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 81 (1996)). "Importantly, however, officers can be held liable for failing to intercede only if they had an opportunity to intercede." *Cunningham*, 229 F.3d at 1289-90. "[I]f a violation happens so quickly that an officer had no 'realistic opportunity' to intercede, then the officer is not liable for failing to intercede." *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1159 (N.D. Cal. 2009) (quoting *Cunningham*, 229 F.3d at 1289-90)).

**2. Analysis**

Defendants contend that Defendants Crewse and McConnell "could not have interceded" in the alleged deprivation of Plaintiff's Fourth Amendment rights as the "handcuffing and detention took place before they arrived at the scene" (Doc. 22, at 6:5-6), and further that "it cannot be said that these officers failed to intercede as the details Plaintiff has added to the complaint with respect to these officers in paragraph 31 suggest that the speaking, hearing and listening they engaged in were to confirm Plaintiff was not under the influence, as well as to confirm his identity . . . ." (Doc. 22, p. 6, n.3.) Plaintiff responds that he has adequately alleged

that, even though Defendants Crewse and McConnell were not present at the time of the *arrest*, they had a "realistic opportunity to intervene" in the *detention* and, "by actively deciding not to intervene (and keeping Plaintiff detained on the side of the highway)" after having learned that the basis for the *detention* was baseless (*i.e.*, after they verbally acknowledged to Plaintiff that they did not believe him to be under the influence of alcohol), Defendants Crewse and McConnell "became integral participants in the detention." (Doc. 24, at p. 3.)

The Court agrees with Plaintiff. The FAC contains sufficient allegations that Defendants Crewse and McConnell failed to intercede in Plaintiff's alleged unlawful detention by Defendant Iosefa.[3] To succeed on a Fourth Amendment unlawful detention claim, Plaintiff must allege facts that establish that the officials detaining him lacked probable cause to do so. *Bias v. Moynihan*, 508 F.3d 1212, 1220 (9th Cir. 2007). Plaintiff pleads in the FAC that Defendants Crewse and McConnell "verbally acknowledg[ed] that did not believe Plaintiff had been drinking," yet Plaintiff "remained detained on the highway shoulder for approximately 20 minutes" after Defendants Crewse and McConnell arrived on scene "to determine whether Plaintiff was under the influence of alcohol." (Doc. 19, ¶¶ 30-31.) The allegations set forth above, taken as true, "plausibly suggest[]" that Defendants Crewse and McConnell knew Plaintiff was unlawfully detained -- that is, he was detained without probable cause.[4] *Cf. Shatford v. Los Angeles Cty. Sheriff's Dep't*, No. CV 15-1767 BRO (AJW), 2016 WL 1579379, at *16 (C.D. Cal. Mar. 29, 2016), *report and recommendation adopted*, No. CV 15-1767 BRO (AJW), 2016 WL 1573422 (C.D. Cal. Apr. 19, 2016) (finding courtroom bailiff not liable for failing to prevent the plaintiff's detention where the plaintiff failed to allege facts "plausibly suggesting" the bailiff knew there was no legal basis to detain the plaintiff). Despite this knowledge, and despite having opportunity to intercede during the "approximately 20 minutes" Plaintiff remained detained after their arrival, Defendants Crewse and McConnell "refused to intervene to stop the illegal detention." (*Id.*, ¶¶

---

[3] According to the FAC, Defendant Crewse and Defendant McConnell neither arrested nor handcuffed Plaintiff. Thus, they did not directly participate in the alleged constitutional violation arising from the arrest and detention.

[4] Other allegations in the FAC that Plaintiff contends give rise to Defendants Crewse's and McConnell's knowledge of a constitutional violation, such as the fact that Plaintiff "was an on-duty police officer in an unmarked patrol vehicle" (Doc. 24, at 3:11-12), are irrelevant to whether Plaintiff's arrest and detention for suspicion of driving under the influence of alcohol was unlawful.

31-32.)

In moving to dismiss Plaintiff's section 1983 claim, Defendants primarily rely on *Berman v. Sink*, No. CV F 13-0597 LJO SAB, 2013 WL 2360899 (E.D. Cal. May 29, 2013). (*See* Doc. 22, at pp. 5-6.) *Berman*, however, is distinguishable. In that case, the court dismissed claims for unlawful detention against a supervisor who was summoned after the defendant courthouse security officer arrested and detained the plaintiff where the complaint alleged no facts that the supervisor was or should have been aware that the arresting officer subjected the plaintiff to a constitutional violation or that the supervisor was aware of the plaintiff's version of events. *Id.* at *6. Here, in contrast, the FAC contains facts that Defendants Crewse and McConnell were aware – and in fact *knew* – that Defendant Iosefa subjected Plaintiff to an unlawful arrest and detention in violation of the Fourth Amendment. (*See* Doc. 19, ¶¶ 31-32.)

Accordingly, the motion to dismiss Plaintiff's claim for unlawful arrest and detention under 42 U.S.C. § 1983 ("First Claim for Relief") against Defendants Crewse and McConnell shall be denied.

**B. Plaintiff's Common Law Claim for "False Arrest/False Imprisonment" Against Defendants Crewse and McConnell is Dismissed With Prejudice.**

Defendants Crewse and McConnell also seek dismissal of Plaintiff's common law claim for "false arrest/false imprisonment" ("Fifth Claim for Relief") on grounds that Defendants Crewse and McConnell did not directly participate in the alleged constitutional violation arising from the arrest and detention, and that California Government Code section 820.8 immunizes those defendants for any injury Plaintiff alleges he sustained by the acts or omissions of Defendant Iosefa. (Doc. 22, at pp. 6-7.) In his response, Plaintiff concedes that the FAC does not state a valid claim for false imprisonment against Defendants Crewse and McConnell. (Doc. 24, at 5:3-4.) Accordingly, the motion to dismiss shall be granted with respect to Plaintiff's "Fifth Claim for Relief" against Defendants Crewse and McConnell and such claim is dismissed with prejudice.

**C. Leave to Amend Will Be Granted to Correct the "Clerical Oversight" in Plaintiff's Negligence Claim Against Defendants Crewse and McConnell, which is Otherwise Adequately Pleaded.**

Defendants Crewse and McConnell contend that Plaintiff's California common law

negligence claim ("Sixth Claim for Relief") against them should be dismissed because Plaintiff failed to allege the negligence of Defendants Crewse and McConnell caused him injury, despite the Court having pointed out the defect in its Order on the prior motion to dismiss. (Doc. 22, at 7:22-8:9.) Defendants Crewse and McConnell further contend that Plaintiff's negligence claim lacks merit because they "neither arrested nor handcuffed Plaintiff, [] arrived only after Plaintiff was detained, [] they are immune under Government Code section 820.8," and "there is no legal duty requiring officers to perform reasonable and adequate investigations." (Doc. 22, at 8:10-15. *See also* Doc. 25, at p. 6.) Plaintiff states that the failure to cure his pleading deficiency to allege injury as a result of Defendants Crewse's and McConnell's allegedly negligent conduct was "a clerical oversight," and that Plaintiff's negligence claim is adequately pleaded because Defendants Crewse's and McConnell's failure to intercede in the unlawful detention "constituted a breach of the duty of care they owed to Plaintiff upon arrival at the scene of the incident." (Doc. 24, at p. 4.)

To state a negligence claim under California law, Plaintiff must allege that: (1) the defendant owed plaintiff a duty of care; (2) the defendant breached that duty by failing to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise, (3) that there was a proximate causal connection between the defendant's negligence conduct and the resulting injury to the plaintiff; and (4) that the defendant's negligence resulted in actual loss or damage to the plaintiff. *Zabala v. City of Ceres*, No. 1:15-cv-00904-GEB-SAB, 2015 WL 5178391, at *5 (E.D. Cal. Sept. 4, 2015) (quoting *Ortega v. City of Oakland*, No. C07-02659 JCS, 2008 WL 4532550, at *14 (N.D. Cal. Oct. 8, 2008)).

Plaintiff's allegations in support of his negligence claim against Defendants Crewse and McConnell are the same as those pleaded in support of his section 1983 claim against those defendants. (*See* Doc. 24, at p. 4). The Court finds that, but for Plaintiff's "clerical oversight" in failing to allege injury as a result of Defendants Crewse's and McConnell's allegedly negligent conduct, Plaintiff's negligence claim is sufficiently pleaded. *See, e.g.*, *Escamilla v. City of Santa Ana*, 796 F.2d 266 (9th Cir. 1986) (allegations that officers failed to intercede in barroom shooting stated action for negligence). *See also Quinn v. Fresno Cty. Sheriff*, No. 1:10-CV-01617-OWW-SMS, 2011 WL 1743746, at *11 (E.D. Cal. May 6, 2011) ("As the TAC alleges Plaintiff was

arrested absent probable cause, the TAC sufficiently alleges a negligence claim against Alanis.") (*citing Bulkley v. Klein*, 206 Cal. App. 2d 742, 751 (1962) (noting that probable cause inquiry is essentially coextensive with negligence inquiry)). The Court will therefore GRANT the motion to dismiss with respect to Plaintiff's negligence claim against Defendants Crewse and McConnell WITH LEAVE TO AMEND to permit Plaintiff to file a Second Amended Complaint for the limited purpose of correcting the "oversight" in Paragraph 75 of the First Amended Complaint. *See, e.g., Morris v. Fresno Police Dep't*, No. 08-CV-01422-OWW-GSA, 2010 WL 289293, at *11 (E.D. Cal. Jan. 15, 2010) (granting motion for a more definite statement with leave to amend to correct a typographical error relating to the date of alleged incident.); *Adamski-Thorpe v. Stevens Mem'l Hosp.*, No. C09–1302, 2010 WL 5018141, at *7 (W.D. Wash. Dec. 3, 2010) (granting leave to amend to correct typographical errors where there was no prejudice to the defendant); *Nahas v. City of Mountain View*, No. C03-05057 JW, 2005 WL 2739303, at *5 (N.D. Cal. Oct. 24, 2005) (granting motion to dismiss with leave to amend to correct the plaintiffs' clerical error in mislabeling their due process claim). No other amendment, other than omitting Plaintiff's dismissed "false arrest/false imprisonment" claim against Defendants Crewse and McConnell, will be permitted.

## V. CONCLUSION

For the reasons set forth above, it is HEREBY ORDERED that:

1. Defendant CHP Officer Crewse's and Defendant CHP Officer McConnell's Motion to Dismiss First Amended Complaint For Damages (Doc. 22) is GRANTED IN PART, and DENIED IN PART;

2. Plaintiff's claim for "false arrest/false imprisonment" under California common law ("Fifth Claim for Relief") against Defendants Crewse (erroneously named "Crelose") and McConnell is DISMISSED with prejudice;

3. Plaintiff's claim for negligence under California common law ("Sixth Claim for Relief") against Defendants Crewse and McConnell is DISMISSED WITH LEAVE TO AMEND for the limited purpose of correcting the "clerical oversight" in Paragraph 75 of the First Amended Complaint (Doc. 19); and

4. Plaintiff may file a Second Amended Complaint that corrects such error within 7 days of the date of this order. No other amendment, other than omitting Plaintiff's dismissed "false arrest/false imprisonment" claim against Defendants Crewse and McConnell, will be permitted.

IT IS SO ORDERED.

Dated: **December 16, 2016**

/s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE